```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

SHAWN HOLCOMB,

        Plaintiff,

v.                              Civil Action No. 2:20-cv-00767

WEST VIRGINIA DIVISION
OF CORRECTIONS AND REHABILITATION,
CORRECTIONAL OFFICER DUSTIN WILSON,
CORRECTIONAL OFFICER ERIC HARRON,
and CNA MISTY POTTER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss, filed February 25, 2021.  ECF No. 6.  The plaintiff has failed to respond.

### I.   Background

On November 20, 2020, plaintiff Shawn Holcomb filed a civil action against the West Virginia Division of Corrections and Rehabilitation ("WVDOCR"), Correctional Officer Dustin Wilson, Correctional Officer Eric Harron, and CNA Misty Potter. Compl., ECF No. 1.  The complaint alleges that while Holcomb was incarcerated at St. Mary's Correctional Facility, defendant Potter falsely accused Holcomb of assault.  Id. at ¶¶ 5, 32-33.

As a result of this purported false accusation, Holcomb asserts that on the afternoon of December 12, 2018, defendants Wilson and Harron sprayed him with a chemical agent, slammed him to the floor, and punched him in the head. Id. at ¶¶ 11-12, 19. Holcomb states the correctional officers then handcuffed him and continued to spray him and make "malicious" comments. Id. at 12.

The complaint asserts five causes of action: (I) battery, (II) a violation of 42 U.S.C. § 1983, (III) "violation of policy and procedure," (IV) conspiracy to conceal wrongful conduct, and (V) deliberate indifference/outrageous conduct. Id. at ¶¶ 14-36.

While only Count III of the complaint explicitly names defendant WVDOCR, prefatory paragraph two states "Defendant, West Virginia Division of Corrections and Rehabilitation is liable to the plaintiff under the theory of Respondeat Superior/vicarious liability." Id. at ¶ 2.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) correspondingly provides that a pleading may be dismissed when

2

there is a "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, a pleading must recite "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

A district court's evaluation of a motion to dismiss is underlain by two principles. First, the court "must accept as true all of the factual allegations contained in the [pleading]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). Such factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Second, the court must "draw[] all reasonable factual inferences . . . in the [nonmovant's] favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Analysis

A. <u>Battery, Conspiracy to Conceal Wrongful Conduct, and Vicarious Liability</u>

Count I of Holcomb's complaint alleges that defendants Wilson and Harron battered him when they pushed him to the ground and sprayed him with a chemical agent. Compl. ¶ 15. Count IV of Holcomb's complaint alleges the individual defendants conspired to write false reports about the events described in the complaint. Compl. ¶ 29.

Plainly read, these claims are asserted against only the individual defendants. Nevertheless, WVDOCR has moved the court to dismiss the claims, arguing that the agency is "incapable" of committing either tortious act. ECF No. 7, at 5, 8. Inasmuch as the agency is not named in either cause of action, WVDOCR could only be held liable under these counts if the court were to broadly interpret Holcomb's allegation in paragraph 2 that WVDOCR is vicariously liable for the wrongs alleged in the complaint.

In order for an employer to be vicariously liable for the acts of its employees, the acts must have been committed within the scope of the employees' employment. <u>W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.</u>, 766 S.E.2d 751, 768 (W. Va.

4

2014).[1]  Factors that are used to determine whether an act was within the course of employment include: (1) the nature of the act, (2) whether the conduct occurred within the time and space of the employees' work, (3) whether the conduct was committed "at least in part, by a purpose to serve the master," and (4) if force was used, whether "the use of force is not unexpectable by the master."  Id. at 769 (quoting Restatement (Second) of Agency § 228 (1958) (emphasis omitted)); Hughes v. White, No. 2:20-CV-00730, 2020 WL 7753104, at *3 (S.D.W. Va. Dec. 29, 2020).

Courts have consistently found in scenarios like the one presented here that intentional tortious acts "do not fall within the scope of employment."  Hughes, 2020 WL 7753104, at *4; Hamilton v. Hill, No. 2:20-CV-00368, 2020 WL 3472420, at *2 (S.D.W. Va. June 25, 2020); Gilco v. Logan Cnty. Com'n, No. CIV.A. 2:11-0032, 2012 WL 3580056, at *8 (S.D.W. Va. Aug. 17, 2012) ("A political subdivision is not liable 'for any intentional malfeasance on the part of [its employee].'") (quoting Mallamo v. Town of Rivesville, 477 S.E.2d 525, 533 (W. Va. 1996)).  Accordingly, to the extent that Holcomb's complaint

---

[1]   Because the employer in this case is a state agency, Holcomb would also have to prove that the agency is not entitled to qualified immunity for these acts.  Syl. Pt. 11, A.B., 766 S.E.2d at 756.  Inasmuch as the court finds that the alleged acts were not within the scope of the employment of the individual defendants, it need not address whether the agency has qualified immunity for these claims.

seeks to hold the agency liable for the intentional torts of battery and conspiracy contained in Counts I and IV of the complaint, WVDOCR's motion to dismiss is granted.[2]

B. <u>Claims Under 42 U.S.C. § 1983</u>

Both Count II and Count V of Holcomb's complaint assert claims for a violation of 42 U.S.C. § 1983. WVDOCR argues that it is entitled to dismissal of Plaintiff's § 1983 claims because it is not a person under the statute. ECF No. 7, at 5-6, 10. Holcomb's complaint plainly states that Holcomb "is not asserting a claim pursuant to 42 USC § 1983 against the State agency." Compl. ¶ 7. Indeed, a plain reading of Count II indicates that it is being asserted against defendants Wilson and Harron. <u>Id.</u> at ¶ 19.[3] Similarly, Count V is asserted against defendant Potter. <u>Id.</u> at ¶¶ 32-36. Inasmuch as the § 1983 claims are not asserted against WVDOCR, its motion to dismiss them is denied as moot.[4]

---

[2] WVDOCR argues in its motion that Holcomb has asserted a standalone claim of vicarious liability that is "untethered" to any other claim. ECF No. 7, at 10-11 (citing <u>Wale v. Hayhurst</u>, No. 2:20-CV-00713, 2020 WL 7775430 (S.D.W. Va. Dec. 30, 2020)). Inasmuch as no such standalone count is alleged, the court declines to address this argument.

[3] Additionally, paragraph 22 concludes with a sentence stating, "Plaintiff is not making a § 1983 claim against the WVDOCR but solely against the individual defendants." Compl. ¶ 22.

[4] Count V contains an alternative cause of action for "outrageous conduct." Compl. ¶ 36. This alternative claim is

C. <u>Violation of Policy and Procedure</u>

The remaining claim in Holcomb's complaint, Count III, alleges that WVDOCR "violated its own policies and procedures when it continued to employ and retain defendants Wilson and Harron." Compl. ¶ 24. Additionally, it contends that WVDOCR violated its own policies and procedures by failing to conduct background checks and psychological evaluations on the officers and by failing to remove the officers from contact after excessive force claims were made against them by other inmates. <u>Id.</u> at ¶¶ 25-26.

Judges in this district have construed similar claims as claims for negligent hiring and/or retention. <u>See</u> <u>Hughes</u>, 2020 WL 7753104, at *4; <u>Hamilton</u>, 2020 WL 3472420, at *2.

Under West Virginia law, a claim for negligent hiring requires a court to consider the following:

> When an employee was hired, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties

---

not asserted against defendant WVDOCR, however, even if it were, the agency could not be held vicariously liable for Potter's alleged outrageous conduct for two reasons. First, the complaint does not allege that Potter was an employee of WVDOCR. <u>See</u> Compl. ¶ 5 (stating that Potter was employed by Wexford Health Sources). Second, even if she was an employee of WVDOCR, filing false reports would not have been within the scope of her employment.

7

>that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring an unfit person?

Tomashek v. Raleigh Cnty. Emergency Operating Ctr., 344 F. Supp. 3d 869, 877 (S.D.W.V 2018) (quoting McCormick v. W. Va. Dep't of Pub. Safety, 503 S.E.2d 502, 506 (W. Va. 1998)). Similarly, "[t]o hold an employer liable for negligent retention, the employer must have been able to foresee 'the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee.'" C.C. v. Harrison Cnty. Bd. of Educ., 859 S.E.2d 762, 776 (W. Va. 2021) (quoting McCormick, 503 S.E.2d at 506).

WVDOCR asserts that it is entitled to qualified immunity for this count. ECF No. 7, at 6–7. Under the doctrine of qualified immunity, government actors, including state agencies, "performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." State v. Chase Sec., Inc., 424 S.E.2d 591, 595 (W. Va. 1992) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

WVDOCR's alleged failure to follow its own hiring, supervision, and retention policies is a discretionary act. See A.B., 766 S.E.2d at 773 (finding that "the broad categories of

8

training, supervision, and employee retention, as characterized by respondent, easily fall within the category of 'discretionary' governmental functions").  Accordingly, the court must determine whether the alleged conduct violates a clearly established statutory or constitutional right.  See Chase Sec., 424 S.E.2d at 595.  To make such a showing, Holcomb "must do more than allege that an abstract right has been violated," but rather "must make a 'particularized showing' that a 'reasonable official would understand that what he is doing violated that right' or that 'in light of pre-existing law the unlawfulness' of the action was 'apparent.'"  A.B., 766 S.E.2d at 776 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)); Hamilton, 2020 WL 3472420, at *3.

Holcomb makes no allegation that WVDOCR's failure to comply with its own policies and procedures violates any statutory or constitutional provision.  Without such an allegation, Holcomb cannot overcome WVDOCR's claim of qualified immunity.  See Hamilton, 2020 WL 3472420, at *3; Cordwell v. Widen, No. 2:18-CV-00913, 2019 WL 3887547 (S.D.W. Va. Aug. 15, 2019); Searls v. W. Va. Reg'l Jail, No. CV 3:15-9133, 2016 WL 4698547, at *4 (S.D.W. Va. Sept. 7, 2016).  Consequently, the claim contained in Count III of the complaint is dismissed.

### IV. Conclusion

Accordingly, it is ORDERED that defendant West Virginia Division of Corrections and Rehabilitation's motion to dismiss (ECF No. 6) be, and hereby is, GRANTED. Defendant West Virginia Division of Corrections and Rehabilitation is DISMISSED from this action.

The Clerk is requested to transmit this order to all counsel of record and to any unrepresented parties.

ENTER: September 27, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge